1 Aaron L. Agenbroad (State Bar No. 242613)
alagenbroad@jonesday.com
2 Catherine S. Nasser (State Bar No. 246191)
cnasser@jonesday.com
3 JONES DAY
555 California Street, 26th Floor
4 San Francisco, CA 94104
Telephone:    (415) 626-3939
5 Facsimile:    (415) 875-5700

6 Attorneys for Defendant
CELLCO PARTNERSHIP d/b/a VERIZON
7 WIRELESS

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

11

| | |
|---|---|
| **DAVID MONEDERO,** | Case No. _____ |
| **Plaintiff,** | **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| v. | |
| **CELLCO PARTNERSHIP d.b.a. VERIZON WIRELESS, and DOE ONE through DOE FIFTY, inclusive,** | **[18 U.S.C. §§ 1332, 1441 and 1446]** |
| **Defendants.** | |

18 TO THE CLERK OF THE ABOVE ENTITLED COURT:

19     PLEASE TAKE NOTICE THAT Cellco Partnership d/b/a Verizon Wireless ("Verizon

20 Wireless" or "Defendant"), Defendant in the above-titled action, through this Notice of Removal,

21 hereby removes this matter to the United States District Court for the Northern District of

22 California, pursuant to 28 U.S.C. § 1332, § 1441, and § 1446. The grounds for removal are as

23 follows:

24                          **Compliance with Statutory Requirements**

25     1.     On or about June 9, 2008, Plaintiff David Monedero ("Plaintiff") filed a Complaint

26 for Damages (the "Complaint") in the Superior Court of the State of California for the County of

27 San Francisco, Case No. CGC-08-476142, captioned *David Monedero v. Cellco Partnership*

28

*d.b.a. Verizon Wireless, and Does 1 through 50, inclusive.* In his Complaint, Plaintiff asserts a cause of action for age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"). Plaintiff seeks back pay, front pay, general damages, punitive damages, interest, attorneys' fees, and costs.

2.      Defendant was served with the Complaint on June 10, 2008. Removal of this action is timely because it is within 30 days of service of the Complaint on Defendant. *See* 28 U.S.C. § 1446(b).

3.      In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A are true and correct copies of all process, pleadings, or orders in this action.

4.      Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will provide written notice of removal of the Action to Plaintiff, and promptly will file a copy of this Amended Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco.

**Intradistrict Assignment**

5.      Plaintiff filed this case in the Superior Court of California, County of San Francisco; therefore, this case may properly be removed to the Northern District of California. 28 U.S.C. § 1441(a).

**Jurisdiction**

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this is an action between "citizens of different States" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

**Diversity of Citizenship**

7.      The parties are citizens of different states. Verizon Wireless is a general partnership formed under the laws of the State of Delaware, with its principal place of business in the State of New Jersey. *See* Declaration of Karen M. Shipman, attached as Exhibit B, ¶ 2. Verizon Communications Inc. and Vodafone Group Plc. indirectly own a 55% and 45% interest, respectively. *Id.* Vodafone Group Plc. is a public limited company incorporated under the laws of, and with its principal place of business in, the United Kingdom. Verizon Communications

1  Inc. is incorporated under the laws of the State of Delaware, with its principal place of business in

2  the State of New York.  *Id.*  Verizon Wireless' general partners are as follows:

3      a.      Bell Atlantic Cellular Holdings, L.P., a Delaware limited partnership with

4              its principal place of business in New Jersey.  Bell Atlantic Cellular

5              Holdings, L.P. is comprised of Bell Atlantic Personal Communications,

6              Inc., a Delaware corporation with its principal place of business in New

7              Jersey; and Bell Atlantic Mobile Systems, Inc., a Delaware corporation

8              with its principal place of business in New Jersey. *Id.* at ¶ 2(a).

9      b.      NYNEX PCS Inc., a Delaware corporation with its principal place of

10             business in New Jersey. *Id.* at ¶ 2(b).

11     c.      PCSCO Partnership, a Delaware general partnership with its principal

12             place of business in New Jersey.  PCSCO Partnership is comprised of Bell

13             Atlantic Cellular Holdings, L.P. (*see* above); NYNEX PCS Inc. (*see*

14             above); Metro Mobile CTS of Charlotte, Inc., a Virginia corporation with

15             its principal place of business in New Jersey; and Bell Atlantic Personal

16             Communications, Inc., a Delaware corporation with its principal place of

17             business in New Jersey. *Id.* at ¶ 2(c).

18     d.      GTE Wireless Incorporated, a Delaware corporation with its principal

19             place of business in New Jersey. *Id.* at ¶ 2(d).

20     e.      GTE Wireless of Ohio Incorporated, a Delaware corporation with its

21             principal place of business in New Jersey. *Id.* at ¶ 2(e).

22     f.      PCS Nucleus, L.P., a Delaware limited partnership with its principal place

23             of business in Colorado.  PCS Nucleus, L.P. is comprised of Vodafone

24             Holdings LLC (general partner), a Delaware limited liability company with

25             its principal place of business in Colorado, and Vodafone Americas Inc.

26             (formerly AirTouch Communications, Inc.), a Delaware corporation with

27             its principal place of business in Colorado. *Id.* at ¶ 2(f).

28

g.   JV PartnerCo, LLC, a Delaware limited liability company with its principal

place of business in Colorado.  JV PartnerCo, LLC's sole member is

Vodafone Americas Inc. (see above). *Id.* at ¶ 2(g).

8.   Plaintiff, on the other hand, alleges that he is a resident of San Francisco,

California.  Complaint, ¶ 4 ("Plaintiff DAVID MONEDERO is a resident of San Francisco.")

Moreover, throughout his employment, from 1990 through June 25, 2007, Plaintiff was employed

by Defendant in the State of California.  *Id.*

### Amount in Controversy

9.   In addition, and although Defendant does not concede liability, the amount in

controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  In his Complaint, Plaintiff does not allege a

specific dollar amount in damages, but he seeks, amongst other relief, the recovery of back pay,

front pay, general damages, punitive damages, interest, costs, and attorneys' fees. Complaint, ¶

13. More specifically, Plaintiff claims that he has suffered: (1) the loss of wages/salary, benefits

and additional amounts of money he would have received if he had not been terminated; (2)

intangible loss of employment-related opportunities; and (3) humiliation, mental anguish, and

emotional and physical distress, and injuries to mind and body.  *Id.* at ¶ 9-11.

10.   Plaintiff was employed by Defendant for approximately fifteen years. *Id.* at ¶ 4.

At the time of his termination from employment, Plaintiff was earning $71,405.66 in base salary.

*See* Declaration of Karen M. Shipman, attached as Exhibit B, ¶ 3.  In addition to salary, Plaintiff

claims that he was entitled to a number of Company benefits, although Plaintiff does not allege

the value of these benefits. Complaint, ¶ 9.

11.   Plaintiff's complaint meets the amount in controversy requirements under 28

U.S.C. Section 1332.  Plaintiff alleges that he suffered "the loss of wages/salary, benefits, and

additional amounts of money" and suffered "humiliation, mental anguish, and emotional and

physical distress because of Defendant's actions.  Complaint, ¶ 9, 11.  Even assuming a one-year

cap on damages, Plaintiff's supposed loss of base salary ($71,405.66) plus benefits and attorneys'

fees clearly exceeds the required $75,000 threshold under 28 U.S.C. Section 1332.  *See, e.g., Galt*

*G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute

1  authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees

2  may be included in the amount in controversy.")

3      WHEREFORE, the above-titled action is hereby removed to this Court from the Superior

4  Court of the State of California, County of San Francisco.

5  Dated: July 9, 2008                          Respectfully submitted,

6                                               Jones Day

7

8                                               By: _____

9                                                   Catherine S. Nasser

10                                              Counsel for Defendant
                                                CELLCO PARTNERSHIP d/b/a VERIZON
11                                              WIRELESS

12  SFI-586980v2

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

Tab 1

IMAGED
JUN 9  2008

FILED

Superior Court of California
County of San Francisco

1   James J. O'Donnell, SBN 120940
    Sara A. Smith, SBN 123752
2   Law Offices of
    **O'DONNELL & SMITH**
3   309 Lennon Lane, Suite 101
    Walnut Creek, CA 94598
4   (925)935-1707

5   Attorneys for Plaintiff

JUN 9 - 2008
CASE MANAGEMENT CONFERENCE

JUN 9 - 2008
GORDON PARK-LI, Clerk
By _____
Deputy Clerk

NOV 7 = 2008 -9ᴬᴹ AM

6

7   DEPARTMENT 212

    SUMMONS ISSUED

7   IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8   IN AND FOR THE COUNTY OF SAN FRANCISCO

9

10                                          CGC-08-476142

11  DAVID MONEDERO,                          Case No.

12                         Plaintiff,

13      vs.                                  **COMPLAINT FOR DAMAGES**
                                             (Wrongful Employment
14  CELLCO PARTNERSHIP d.b.a.                Termination)
    VERIZON WIRELESS, and DOE ONE
15  through DOE FIFTY, inclusive
                         Defendants,

16                                           BY FAX

17

18                         **JURISDICTION**

19  This action is brought for age discrimination in violation of the **California Fair Employment and**

20  **Housing Act** as set forth below.

21      **(Age Discrimination In Violation of the California Fair Employment and Housing Act)**

22      1.    Defendants CELLCO PARTNERSHIP d.b.a. VERIZON WIRELESS conduct

23  business throughout the state of California, operating out of the County of San Francisco and other

24  counties, and offering telecommunication services for sale to the public.

25      2.    Defendants DOE ONE through DOE FIFTY, inclusive, are sued herein under

26  fictitious names because their true names and capacities, whether individual, associate, corporate or

27  governmental, are not now known to plaintiff; that plaintiff is informed and believes and upon such

28                                                                              -1-

10359652.tif - 6/9/2008 1:29:50 PM

1   information and belief alleges that each of said defendants is negligent or responsible in some

2   manner for the events and happenings herein alleged, and that said defendants negligently acted or

3   failed to act in one or more of said occupations or businesses and that such negligence proximately

4   caused the injuries and damages hereinafter set forth; that plaintiff is uncertain as to the manner or

5   function of such defendants, and plaintiff prays leave to amend this Complaint to insert therein the

6   true names, capacities, functions, occupations and businesses of said defendants when the same are

7   ascertained.

8        3.     Plaintiff is informed and believes that at all times and places mentioned herein, each

9   of the defendants was the agent, servant and employee of each other remaining defendants, and was

10   at all times and places mentioned here acting within the scope and purpose of the agency, service and

11   employment.

12        4.     Plaintiff DAVID MONEDERO is a resident of San Francisco. He is 59 years old and

13   was employed by Defendants as an Account Manager for indirect sales of Defendants' products and

14   services in San Francisco County and San Mateo County. He was employed by Defendants for over

15   15 years. At all times, Plaintiff's job performance has been outstanding and he has been consistently

16   ranked as a top performer with the company. On June 25, 2007, without prior written notice or an

17   opportunity to correct any shortcomings, Plaintiff was advised by Defendant that he was being

18   discharged because of his failure to comply with company policy. Plaintiff's job duties were then

19   distributed to a younger employee. Further, Defendants had a continuing need for Plaintiff's skills

20   and services in that Plaintiff's duties were still being performed after the termination.

21        5.     Plaintiff filed timely charges of age discrimination with the California State

22   Department of Fair Employment and Housing and has met all administrative prerequisites for

23   bringing this action.

24        6.     The Defendants engaged in policies and practices which discriminated against

25   Plaintiff on the basis of his age in that Defendants discharged Plaintiff on June 27, 2007, because

26   the company wanted to replace Plaintiff with someone younger in age.

27        7.     All of the above acts of the Defendants violate the prohibition against age

28

-2-

1  discrimination under the State of California's Fair Employment and Housing Act, Government Code

2  Section 12941.

3       8.    Plaintiff suffered damages proximately caused by Defendants' actions. Those

4  damages are set forth below in the section entitled "DAMAGES" which is incorporated herein to the

5  extent pertinent as if set forth here in full.

6       WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

7

8                                  **DAMAGES**

9       9.    As a proximate result of Defendants' discriminatory conduct against Plaintiff, as

10  alleged above and below, Plaintiff has been harmed in that Plaintiff has suffered the loss of the

11  wages/salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff

12  had not been terminated from his position with Defendants. Because of that discrimination and

13  consequent harm, Plaintiff has suffered such damages in an amount according to proof.

14       10.    As a further proximate result of Defendants' discriminatory actions against Plaintiff,

15  as alleged above and below, Plaintiff has been harmed in that Plaintiff has suffered the intangible

16  loss of such employment-related opportunities as experience in the position from which Plaintiff was

17  terminated provided. Because of that discrimination and consequent harm, Plaintiff has suffered such

18  damages in an amount according to proof.

19       11.    As a further proximate result of Defendants' discriminatory actions against Plaintiff,

20  as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish,

21  and emotional and physical distress, and has been injured in mind and body. Because of that

22  discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to

23  proof.

24       12.    The above-recited actions of Defendants in terminating Plaintiff's employment were

25  done by Defendants with malice, fraud, or oppression, and in reckless disregard of the Plaintiff's

26  rights under California law, including, but not limited to, the law set forth under the California Fair

27  Employment and Housing Act.

28

-3-

13.   As a result of the aforementioned conduct of Defendants, Plaintiff has been forced to retain an attorney and has incurred attorneys fees and costs in maintaining the present action.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

1.   For back pay, front pay, and other monetary relief or according to proof.

2.   For general damages according to proof,

3.   For punitive damages in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others;

4.   For interest on the sum of damages awarded, calculated from date of termination of employment to the date of judgment;

5.   For reasonable attorney's fees;

6.   For costs of suit herein incurred; and

7.   For such other and further relief as the court deems proper.


DATED: June 9, 2008

_____

James J. O'Donnell, Esq.

O'DONNELL & SMITH

Attorney for Plaintiff, David Monedero

-4-

10359652.tif - 6/9/2008 1:29:50 PM

Tab 2

CASE NUMBER: CGC-08-476142 DAVID MONEDERO VS. CELLCO PARTNERSHIP D.B.A.VER

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

|  |  |
|---|---|
| **DATE:** | **NOV-07-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212**<br>**400 McAllister Street**<br>**San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

Tab 3

1  Aaron L. Agenbroad (State Bar No. 242613)
   alagenbroad@jonesday.com
2  Catherine S. Nasser (State Bar No. 246191)
   cnasser@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA 94108
   Telephone:    (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Attorneys for Defendant
   CELLCO PARTNERSHIP
7  d/b/a VERIZON WIRELESS

8  # SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  ## COUNTY OF SAN FRANCISCO

10

11 | DAVID MONEDERO,                        | CASE NO. CGC-08-476142 |

12                Plaintiff,

13        v.                                **DEFENDANT VERIZON WIRELESS'S
                                            ANSWER AND AFFIRMATIVE
14 CELLCO PARTNERSHIP d.b.a. VERIZON        DEFENSES TO PLAINTIFF'S
   WIRELESS, and DOE ONE through DOE        UNVERIFIED COMPLAINT**
15 FIFTY, inclusive,
                                            Complaint Filed:   June 9, 2008
16                Defendants.

17

18        Defendant Cellco Partnership d/b/a Verizon Wireless ("Defendant" or "Verizon

19 Wireless") answers the unverified Complaint of Plaintiff David Monedero ("Plaintiff" or

20 "Monedero") as follows:

21                              **GENERAL DENIAL**

22        Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally

23 denies each and every allegation in the Complaint.  Defendant further denies that Plaintiff has

24 suffered damage in any sum, or at all, and further denies that Plaintiff is entitled to any damages,

25 interest, costs, and/or other relief prayed for in the Complaint by reason of any act or omission of

26 Defendant.

27        Without waiving the foregoing answer and as further, separate and additional defenses to

28 the allegations of the Complaint, Defendant alleges as follows:

---

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, acquiescence and/or estoppel by reason of Plaintiff's own actions and course of conduct.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE,

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust all available administrative remedies and/or otherwise failed to comply with the statutory prerequisites to bringing this action.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks relief for alleged unlawful conduct occurring more than the prescribed days within which Plaintiff is required to file a charge with the appropriate state or federal administrative body, such claims are barred.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they do not reasonably fall within the scope of any claims made in any administrative charge filed by Plaintiff with the EEOC and/or DFEH.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may be barred, in whole or in part, from recovery of damages as alleged and prayed for in the Complaint by the after-acquired evidence doctrine.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, by his failure to mitigate or reasonably attempt to mitigate his damages, if any.

2

1

## TENTH AFFIRMATIVE DEFENSE

2     Defendant is entitled to an offset against any alleged lost income for any amounts earned

3     or which could have been earned, and/or other income received, by Plaintiff following his

4     termination from Verizon Wireless.

5

## ELEVENTH AFFIRMATIVE DEFENSE

6     Defendant exercised reasonable care and has acted in good faith and treated Plaintiff in a

7     legitimate and non-discriminatory manner at all times.

8

## TWELFTH AFFIRMATIVE DEFENSE

9     Defendant's actions towards Plaintiff were at all times privileged, justified and for good

10    cause.

11

## THIRTEENTH AFFIRMATIVE DEFENSE

12    Any improper acts or statements were outside the scope of the actor's employment and

13    cannot be imputed to Defendant.

14

## FOURTEENTH AFFIRMATIVE DEFENSE

15    Defendant did not know, and in the exercise of reasonable care could not have known, of

16    the existence of the facts by reason of which liability is alleged to exist.

17

## FIFTEENTH AFFIRMATIVE DEFENSE

18    Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable

19    care to prevent and correct promptly any harassing or discriminatory behavior, and Plaintiff

20    unreasonably failed to take advantage of any preventive or corrective opportunities provided by

21    the employer or to avoid harm otherwise.

22

## SIXTEENTH AFFIRMATIVE DEFENSE

23    Defendant alleges that it has not engaged in unlawful intentional discrimination with

24    respect to Plaintiff, did not engage in any malicious, oppressive or fraudulent discriminatory

25    practice with regard to Plaintiff's legally protected rights, and therefore cannot be liable for

26    punitive damages.  Further, Defendant has made good faith efforts to prevent discrimination in its

27    workplace.

28

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2   Plaintiff's claims are barred, in whole or in part, because the conduct of which Plaintiff

3   complains was neither intentional nor outrageous.

4

## EIGHTEENTH AFFIRMATIVE DEFENSE

5   Plaintiff is not entitled to punitive damages because, even if he could establish that any

6   individual manager allowed unlawful bias to affect any employment decision, which Defendant

7   expressly denies, Defendant is not liable for punitive damages for any such individual decision

8   because of its good faith efforts to prevent bias.

9

## NINETEENTH AFFIRMATIVE DEFENSE

10   Defendant alleges that Plaintiff's claim for punitive damages is barred because any

11   imposition of punitive damages under any of the claims alleged would constitute a denial of due

12   process under the United States Constitution and California law.

13

## TWENTIETH DEFENSE

14   Plaintiff knew or should have known that his claims are without any reasonable basis in

15   law or equity and cannot be supported by good faith argument for extension, modification or

16   reversal of existing law.  As a result of Plaintiff's filing this complaint, Defendant has been

17   required to obtain the services of the undersigned attorneys, and has incurred and will continue to

18   incur substantial costs and attorneys' fees in defense of this frivolous case.  Defendant is therefore

19   entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this

20   action in accordance with California Code of Civil Procedure Section 128.5 and/or 128.7 and

21   California Government Code Section 12965.

22

## ADDITIONAL DEFENSE

23   Defendant presently has insufficient knowledge or information upon which to form a

24   belief whether there may be additional, as yet unstated, defenses and reserves the right to assert

25   additional defenses in the event that discovery indicates that such defenses are appropriate.

26

## PRAYER FOR RELIEF

27   WHEREFORE, Defendant prays as follows:

28   1.   That Plaintiff take nothing by reason of the Complaint;

4

2.    That the Complaint be dismissed in its entirety with prejudice;

3.    That judgment be entered for Defendant;

4.    That Defendant shall recover all costs of suit and reasonable attorneys' fees incurred herein; and

5.    For such other and further relief as the Court deems just and proper.


Dated: July 8, 2008                                    Jones Day


                                                       By: _____
                                                              Catherine S. Nasser

                                                       Attorneys for Defendant
                                                       CELLCO PARTNERSHIP
                                                       d/b/a VERIZON WIRELESS

SFI-586547v1

5

## PROOF OF SERVICE

### (CCP §§ 1013a, 2015.5)

**STATE OF CALIFORNIA** )

                          )      **ss.**

**COUNTY OF SAN FRANCISCO** )

     I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is: **555 California Street, 26th Floor, San Francisco, California 94104-1500.**

     On **July 8, 2008**, I served the foregoing: **DEFENDANT VERIZON WIRELESS'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**James J. O'Donnell**
**Sara A. Smith**
**Law Offices of O'Donnell & Smith**
**309 Lennon Lane, Suite 101**
**Walnut Creek, CA 94598**

[ ]     **BY MAIL:** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     **BY FEDERAL EXPRESS:** I placed such envelope for deposit in the Federal Express drop slot for service by Federal Express. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with Federal Express on that same day at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if service is more than one day after date of deposit for express service in affidavit.

[X]     **BY PERSONAL SERVICE:** I caused such envelope to be hand delivered to the office of the addressee on the date specified above.

[ ]     **VIA FACSIMILE**: I caused such document(s) to be transmitted from facsimile number (415) 875-5700 to the facsimile machine(s) of the above-listed party(ies) on the date specified above. The transmission(s) was/were reported as complete and without error. The party(ies) has/have agreed in writing to service of the document(s) listed above by facsimile.

[X]     **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

SFI-587395v1

1    [ ]    **FEDERAL** I declare that I am employed within the office of a member of the bar of this

2    Court at whose direction the service was made.

3    Executed on **July 8, 2008,** at San Francisco, California.

4    _____

5                                                                         Pamela Walter

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SFI-587395v1

Exhibit B

1   Aaron L. Agenbroad (State Bar No. 242613)
    alagenbroad@jonesday.com
2   Catherine S. Nasser (State Bar No. 246191)
    cnasser@jonesday.com
3   JONES DAY
    555 California Street, 26th Floor
4   San Francisco, CA 94104
    Telephone:    (415) 626-3939
5   Facsimile:    (415) 875-5700

6   Attorneys for Defendant
    CELLCO PARTNERSHIP d/b/a VERIZON
7   WIRELESS

8

9                       **UNITED STATES DISTRICT COURT**

10                      **NORTHERN DISTRICT OF CALIFORNIA**

11

12  **DAVID MONEDERO,**                    | Case No. _____

13              **Plaintiff,**             | **DECLARATION OF KAREN M.**
                                           | **SHIPMAN IN SUPPORT OF NOTICE**
14      **v.**                             | **OF REMOVAL OF CIVIL ACTION**
                                           | **FROM STATE COURT**
15  **CELLCO PARTNERSHIP d.b.a.**
    **VERIZON WIRELESS, and DOE ONE**
16  **through DOE FIFTY, inclusive,**

17              **Defendants.**

18

19      I, Karen M. Shipman, declare and state as follows:

20      1.      I am an Associate Director, Corporate Governance and Assistant Secretary of

21  Cellco Partnership d/b/a Verizon Wireless. The following is based on my personal knowledge or

22  upon my review of Company records maintained in the ordinary course of business and, if called

23  upon to do so, I could and would testify competently thereto.

24      2.      Cellco Partnership d/b/a Verizon Wireless is a general partnership formed under

25  the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

26  Verizon Communications Inc. and Vodafone Group Plc. indirectly own a 55% and 45% interest,

27  respectively, in Cellco Partnership. Vodafone Group Plc. is a public limited company

28  incorporated under the laws of, and with its principal place of business in, the United Kingdom.

1    Verizon Communications Inc. is incorporated under the laws of the State of Delaware, with its

2    principal place of business in the State of New York.  Cellco Partnership d/b/a Verizon Wireless'

3    general partners are as follows:

4              a)      Bell Atlantic Cellular Holdings, L.P., a Delaware limited partnership with

5              its principal place of business in New Jersey.  Bell Atlantic Cellular Holdings, L.P.

6              is comprised of Bell Atlantic Personal Communications, Inc., a Delaware

7              corporation with its principal place of business in New Jersey; and Bell Atlantic

8              Mobile Systems, Inc., a Delaware corporation with its principal place of business

9              in New Jersey.

10             b)      NYNEX PCS Inc., a Delaware corporation with its principal place of

11             business in New Jersey.

12             c)      PCSCO Partnership, a Delaware general partnership with its principal

13             place of business in New Jersey.  PCSCO Partnership is comprised of Bell Atlantic

14             Cellular Holdings, L.P. (*see* above); NYNEX PCS Inc. (*see* above); Metro Mobile

15             CTS of Charlotte, Inc., a Virginia corporation with its principal place of business

16             in New Jersey; and Bell Atlantic Personal Communications, Inc., a Delaware

17             corporation with its principal place of business in New Jersey.

18             d)      GTE Wireless Incorporated, a Delaware corporation with its principal

19             place of business in New Jersey.

20             e)      GTE Wireless of Ohio Incorporated, a Delaware corporation with its

21             principal place of business in New Jersey.

22             f)      PCS Nucleus, L.P., a Delaware limited partnership with its principal place

23             of business in Colorado.  PCS Nucleus, L.P. is comprised of Vodafone Holdings

24             LLC (general partner), a Delaware limited liability company with its principal

25             place of business in Colorado, and Vodafone Americas Inc. (formerly AirTouch

26             Communications, Inc.), a Delaware corporation with its principal place of business

27             in Colorado.

28

g)      JV PartnerCo, LLC, a Delaware limited liability company with its principal place of business in Colorado.  JV PartnerCo, LLC's sole member is Vodafone Americas Inc. (*see* above).

3.      Plaintiff David Monedero is a former employee of Cellco Partnership d/b/a Verizon Wireless.  At the time of his termination from employment, Mr. Monedero was earning $71,405.66 in base salary.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration was executed in New Jersey on July 7, 2008.

Karen M. Shipman

SFI-586987v1

DECLARATION IN SUPPORT OF NOTICE OF
REMOVAL OF CIVIL ACTION FROM STATE COURT

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
David Monedero

**DEFENDANTS**
Cellco Partnership d.b.a. Verizon Wireless

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Francisco, California
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Somerset County, New Jersey
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James J. O'Donnell
Sara A. Smith
Law Offices of O'Donnell & Smith
309 Lennon Lane, Ste. 101, Walnut Creek, CA 94598
Telephone: 925-935-1707

ATTORNEYS (IF KNOWN)
Aaron L. Agenbroad
Catherine S. Nasser
Jones Day
555 California St., 26th FL, San Francisco, CA 94104
Telephone:  415-626-3939

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)   AND ONE BOX FOR DEFENDANT

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another district
(specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing
☐ 444 Welfare
☐ 440 Other Civil Rights
☐ 445 Amer w/ disab - Empl
☐ 446 Amer w/ disab - Other

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. §§1332, 1441 and 1446

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE
July 9, 2008

SIGNATURE OF ATTORNEY OF RECORD
*Nasser*