Aaron L. Agenbroad (State Bar No. 242613)
alagenbroad@jonesday.com
Catherine S. Nasser (State Bar No. 246191)
cnasser@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94108
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
CELLCO PARTNERSHIP
d/b/a VERIZON WIRELESS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

DAVID MONEDERO,

        Plaintiff,

    v.

CELLCO PARTNERSHIP d.b.a. VERIZON WIRELESS, and DOE ONE through DOE FIFTY, inclusive,

        Defendants.

**CASE NO. CV-08-3291 EMC**

**CERTIFICATE OF SERVICE**

**Re: NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

## PROOF OF SERVICE

### (CCP §§ 1013a, 2015.5)

**STATE OF CALIFORNIA** )

) **ss.**

**COUNTY OF SAN FRANCISCO** )

I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is: **555 California Street, 26th Floor, San Francisco, California 94104-1500.**

On **July 9, 2008,** I served the following: **NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (Attached Hereto)** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**James J. O'Donnell**
**Sara A. Smith**
**Law Offices of O'Donnell & Smith**
**309 Lennon Lane, Suite 101**
**Walnut Creek, CA 94598**

[ ] **BY MAIL:** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FEDERAL EXPRESS:** I placed such envelope for deposit in the Federal Express drop slot for service by Federal Express. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with Federal Express on that same day at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if service is more than one day after date of deposit for express service in affidavit.

[X] **BY PERSONAL SERVICE:** I caused such envelope to be hand delivered to the office of the addressee on the date specified above.

[ ] **VIA FACSIMILE**: I caused such document(s) to be transmitted from facsimile number (415) 875-5700 to the facsimile machine(s) of the above-listed party(ies) on the date specified above. The transmission(s) was/were reported as complete and without error. The party(ies) has/have agreed in writing to service of the document(s) listed above by facsimile.

[ ] **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**[X]**    **FEDERAL** I declare that I am employed within the office of a member of the bar of this Court at whose direction the service was made.

Executed on **July 10, 2008,** at San Francisco, California.

_____
Pamela Walter

SFI-587435v1

*Attachment*

# NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1  Aaron L. Agenbroad (State Bar No. 242613)
   alagenbroad@jonesday.com
2  Catherine S. Nasser (State Bar No. 246191)
   cnasser@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA 94108
   Telephone:    (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Attorneys for Defendant
   CELLCO PARTNERSHIP
7  d/b/a VERIZON WIRELESS

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 0 9 2008

GORDON PARK-LI, Clerk
BY    ROSSALY DELAVEGA

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF SAN FRANCISCO**

10

11 DAVID MONEDERO,                          **CASE NO. CGC-08-476142**

12              Plaintiff,

13     v.                                   **NOTICE TO STATE COURT AND
                                            ADVERSE PARTY OF REMOVAL OF
14 CELLCO PARTNERSHIP d.b.a. VERIZON        CIVIL ACTION FROM STATE
   WIRELESS, and DOE ONE through DOE        COURT TO UNITED STATES
15 FIFTY, inclusive,                        DISTRICT COURT FOR THE
                                            NORTHERN DISTRICT OF
16              Defendants.                 CALIFORNIA**

17                                          Complaint Filed:   June 9, 2008

18

19        **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ADVERSE PARTY:**

20        PLEASE TAKE NOTICE THAT, on July 9, 2008, Defendant Cellco Partnership d/b/a

21 Verizon Wireless filed a Notice of Removal of Civil Action in the United States District Court for

22 the Northern District of California.  In compliance with 28 U.S.C. § 1446(d), a copy of said

23 Notice of Removal is attached as Exhibit 1 to this Notice and is served and filed herewith.

24        PLEASE TAKE FURTHER NOTICE THAT pursuant to 28 U.S.C. § 1446(d), the filing

25 and service of this Notice effects the removal of this action and stays any further proceedings in

26 connection therewith in the San Francisco County Superior Court unless and until this action is

27 remanded.

28

_____
                **Notice of Removal of Civil Action from State Court to United States District Court**

Dated: July 9, 2008

Jones Day

By: _____
Catherine S. Nasser

Attorneys for Defendant
VERIZON WIRELESS

SFI-586981v1

2

**PROOF OF SERVICE**

**(CCP §§ 1013a, 2015.5)**

STATE OF CALIFORNIA      )

                                 )    ss.

COUNTY OF SAN FRANCISCO  )

     I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is: **555 California Street, 26th Floor, San Francisco, California 94104-1500.**

     On **July 9, 2008,** I served the foregoing:  **NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

> **James J. O'Donnell**
> **Sara A. Smith**
> **Law Offices of O'Donnell & Smith**
> **309 Lennon Lane, Suite 101**
> **Walnut Creek, CA 94598**

[ ]   **BY MAIL:**  I caused such envelope to be deposited in the mail at San Francisco, California.  The envelope was mailed with postage thereon fully prepaid.  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY FEDERAL EXPRESS:**  I placed such envelope for deposit in the Federal Express drop slot for service by Federal Express.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with Federal Express on that same day at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if service is more than one day after date of deposit for express service in affidavit.

[X]   **BY PERSONAL SERVICE:**  I caused such envelope to be hand delivered to the office of the addressee on the date specified above.

[ ]   **VIA FACSIMILE:**  I caused such document(s) to be transmitted from facsimile number (415) 875-5700 to the facsimile machine(s) of the above-listed party(ies) on the date specified above.  The transmission(s) was/were reported as complete and without error.  The party(ies) has/have agreed in writing to service of the document(s) listed above by facsimile.

[X]   **STATE**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

SFI-587395v1

[ ]    **FEDERAL** I declare that I am employed within the office of a member of the bar of this Court at whose direction the service was made.

Executed on **July 9, 2008,** at San Francisco, California.

_____
Pamela Walter

Exhibit 1

1   Aaron L. Agenbroad (State Bar No. 242613)
    alagenbroad@jonesday.com
2   Catherine S. Nasser (State Bar No. 246191)
    cnasser@jonesday.com
3   JONES DAY
    555 California Street, 26th Floor
4   San Francisco, CA  94104
    Telephone:    (415) 626-3939
5   Facsimile:    (415) 875-5700

6   Attorneys for Defendant
    CELLCO PARTNERSHIP d/b/a VERIZON
7   WIRELESS

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  **DAVID MONEDERO,**                    | Case No. _____

12                     **Plaintiff,**        | **NOTICE OF REMOVAL OF CIVIL**
                                             | **ACTION FROM STATE COURT**
13         v.

14  **CELLCO PARTNERSHIP d.b.a.**
    **VERIZON WIRELESS, and DOE ONE**       | **[18 U.S.C. §§ 1332, 1441 and 1446]**
15  **through DOE FIFTY, inclusive,**

16                     **Defendants.**

17

18         TO THE CLERK OF THE ABOVE ENTITLED COURT:

19         PLEASE TAKE NOTICE THAT Cellco Partnership d/b/a Verizon Wireless ("Verizon

20  Wireless" or "Defendant"), Defendant in the above-titled action, through this Notice of Removal,

21  hereby removes this matter to the United States District Court for the Northern District of

22  California, pursuant to 28 U.S.C. § 1332, § 1441, and § 1446.  The grounds for removal are as

23  follows:

24                    **Compliance with Statutory Requirements**

25         1.      On or about June 9, 2008, Plaintiff David Monedero ("Plaintiff") filed a Complaint

26  for Damages (the "Complaint") in the Superior Court of the State of California for the County of

27  San Francisco, Case No. CGC-08-476142, captioned *David Monedero v. Cellco Partnership*

28

1   *d.b.a. Verizon Wireless, and Does 1 through 50, inclusive.*  In his Complaint, Plaintiff asserts a

2   cause of action for age discrimination in violation of the California Fair Employment and

3   Housing Act ("FEHA").  Plaintiff seeks back pay, front pay, general damages, punitive damages,

4   interest, attorneys' fees, and costs.

5        2.     Defendant was served with the Complaint on June 10, 2008.  Removal of this

6   action is timely because it is within 30 days of service of the Complaint on Defendant. *See* 28

7   U.S.C. § 1446(b).

8        3.     In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A are true and

9   correct copies of all process, pleadings, or orders in this action.

10       4.     Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will provide written notice

11  of removal of the Action to Plaintiff, and promptly will file a copy of this Amended Notice of

12  Removal with the Clerk of the Superior Court of the State of California, County of San Francisco.

13  **Intradistrict Assignment**

14       5.     Plaintiff filed this case in the Superior Court of California, County of San

15  Francisco; therefore, this case may properly be removed to the Northern District of California.  28

16  U.S.C. § 1441(a).

17  **Jurisdiction**

18       6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this is

19  an action between "citizens of different States" and the "matter in controversy exceeds the sum or

20  value of $75,000, exclusive of interest and costs."

21  **Diversity of Citizenship**

22       7.     The parties are citizens of different states.  Verizon Wireless is a general

23  partnership formed under the laws of the State of Delaware, with its principal place of business in

24  the State of New Jersey. *See* Declaration of Karen M. Shipman, attached as Exhibit B, ¶ 2.

25  Verizon Communications Inc. and Vodafone Group Plc. indirectly own a 55% and 45% interest,

26  respectively. *Id.*  Vodafone Group Plc. is a public limited company incorporated under the laws

27  of, and with its principal place of business in, the United Kingdom.  Verizon Communications

28

1    Inc. is incorporated under the laws of the State of Delaware, with its principal place of business in

2    the State of New York. *Id.* Verizon Wireless' general partners are as follows:

3        a.    Bell Atlantic Cellular Holdings, L.P., a Delaware limited partnership with

4            its principal place of business in New Jersey. Bell Atlantic Cellular

5            Holdings, L.P. is comprised of Bell Atlantic Personal Communications,

6            Inc., a Delaware corporation with its principal place of business in New

7            Jersey; and Bell Atlantic Mobile Systems, Inc., a Delaware corporation

8            with its principal place of business in New Jersey. *Id.* at ¶ 2(a).

9        b.    NYNEX PCS Inc., a Delaware corporation with its principal place of

10            business in New Jersey. *Id.* at ¶ 2(b).

11        c.    PCSCO Partnership, a Delaware general partnership with its principal

12            place of business in New Jersey. PCSCO Partnership is comprised of Bell

13            Atlantic Cellular Holdings, L.P. (*see* above); NYNEX PCS Inc. (*see*

14            above); Metro Mobile CTS of Charlotte, Inc., a Virginia corporation with

15            its principal place of business in New Jersey; and Bell Atlantic Personal

16            Communications, Inc., a Delaware corporation with its principal place of

17            business in New Jersey. *Id.* at ¶ 2(c).

18        d.    GTE Wireless Incorporated, a Delaware corporation with its principal

19            place of business in New Jersey. *Id.* at ¶ 2(d).

20        e.    GTE Wireless of Ohio Incorporated, a Delaware corporation with its

21            principal place of business in New Jersey. *Id.* at ¶ 2(e).

22        f.    PCS Nucleus, L.P., a Delaware limited partnership with its principal place

23            of business in Colorado. PCS Nucleus, L.P. is comprised of Vodafone

24            Holdings LLC (general partner), a Delaware limited liability company with

25            its principal place of business in Colorado, and Vodafone Americas Inc.

26            (formerly AirTouch Communications, Inc.), a Delaware corporation with

27            its principal place of business in Colorado. *Id.* at ¶ 2(f).

28

NOTICE OF REMOVAL OF CIVIL ACTION FROM
STATE COURT

- 3 -

1    g.  JV PartnerCo, LLC, a Delaware limited liability company with its principal

2        place of business in Colorado.  JV PartnerCo, LLC's sole member is

3        Vodafone Americas Inc. (see above). *Id.* at ¶ 2(g).

4    8.  Plaintiff, on the other hand, alleges that he is a resident of San Francisco,

5 California.  Complaint, ¶ 4 ("Plaintiff DAVID MONEDERO is a resident of San Francisco.")

6 Moreover, throughout his employment, from 1990 through June 25, 2007, Plaintiff was employed

7 by Defendant in the State of California.  *Id.*

8             **Amount in Controversy**

9    9.  In addition, and although Defendant does not concede liability, the amount in

10 controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  In his Complaint, Plaintiff does not allege a

11 specific dollar amount in damages, but he seeks, amongst other relief, the recovery of back pay,

12 front pay, general damages, punitive damages, interest, costs, and attorneys' fees. Complaint, ¶

13 13. More specifically, Plaintiff claims that he has suffered: (1) the loss of wages/salary, benefits

14 and additional amounts of money he would have received if he had not been terminated; (2)

15 intangible loss of employment-related opportunities; and (3) humiliation, mental anguish, and

16 emotional and physical distress, and injuries to mind and body.  *Id.* at ¶ 9-11.

17    10.  Plaintiff was employed by Defendant for approximately fifteen years. *Id.* at ¶ 4.

18 At the time of his termination from employment, Plaintiff was earning $71,405.66 in base salary.

19 *See* Declaration of Karen M. Shipman, attached as Exhibit B, ¶ 3.  In addition to salary, Plaintiff

20 claims that he was entitled to a number of Company benefits, although Plaintiff does not allege

21 the value of these benefits. Complaint, ¶ 9.

22    11.  Plaintiff's complaint meets the amount in controversy requirements under 28

23 U.S.C. Section 1332.  Plaintiff alleges that he suffered "the loss of wages/salary, benefits, and

24 additional amounts of money" and suffered "humiliation, mental anguish, and emotional and

25 physical distress because of Defendant's actions.  Complaint, ¶ 9, 11.  Even assuming a one-year

26 cap on damages, Plaintiff's supposed loss of base salary ($71,405.66) plus benefits and attorneys'

27 fees clearly exceeds the required $75,000 threshold under 28 U.S.C. Section 1332.  *See, e.g., Galt*

28 *G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute

NOTICE OF REMOVAL OF CIVIL ACTION FROM
STATE COURT

1   authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees

2   may be included in the amount in controversy.")

3        WHEREFORE, the above-titled action is hereby removed to this Court from the Superior

4   Court of the State of California, County of San Francisco.

5   Dated: July 9, 2008                              Respectfully submitted,

6                                                    Jones Day

7

8                                                    By: _____

9                                                         Catherine S. Nasser

10                                                   Counsel for Defendant
                                                     CELLCO PARTNERSHIP d/b/a VERIZON
11                                                   WIRELESS

12  SFI-586980v2

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

Tab 1

I M A G E D
JUN 9  2008



F I L E D
Superior Court of California
County of San Francisco

JUN 9 - 2008

CASE MANAGEMENT CONFERENCE

JUN 9 2008

GORDON PARK-LI, Clerk
By_____
Deputy Clerk

NOV 7 - 2008 - 9 ⁰⁰ AM

SUMMONS ISSUED

DEPARTMENT 212

1  James J. O'Donnell. SBN 120940
   Sara A. Smith, SBN 123752
2     Law Offices of
   **O'DONNELL & SMITH**
3  309 Lennon Lane, Suite 101
   Walnut Creek, CA 94598
4     (925)935-1707

5  Attorneys for Plaintiff

6

7        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            IN AND FOR THE COUNTY OF SAN FRANCISCO

9

10                                    CGC - 08 - 476142

11 DAVID MONEDERO,                    Case No.

12                    Plaintiff,
                                      **COMPLAINT FOR DAMAGES**
13     vs.                            (Wrongful Employment
                                      Termination)
14 CELLCO PARTNERSHIP d.b.a.
   VERIZON WIRELESS. and DOE ONE
15 through DOE FIFTY. inclusive
                    Defendants,
16                                    BY FAX

17

18                    **JURISDICTION**

19 This action is brought for age discrimination in violation of the **California Fair Employment and**

20 **Housing Act** as set forth below.

21      **(Age Discrimination In Violation of the California Fair Employment and Housing Act)**

22      1.    Defendants CELLCO PARTNERSHIP d.b.a. VERIZON WIRELESS conduct

23 business throughout the state of California, operating out of the County of San Francisco and other

24 counties, and offering telecommunication services for sale to the public.

25      2.    Defendants DOE ONE through DOE FIFTY, inclusive, are sued herein under

26 fictitious names because their true names and capacities, whether individual, associate, corporate or

27 governmental, are not now known to plaintiff; that plaintiff is informed and believes and upon such

28                                                              -1-

1   information and belief alleges that each of said defendants is negligent or responsible in some

2   manner for the events and happenings herein alleged, and that said defendants negligently acted or

3   failed to act in one or more of said occupations or businesses and that such negligence proximately

4   caused the injuries and damages hereinafter set forth; that plaintiff is uncertain as to the manner or

5   function of such defendants, and plaintiff prays leave to amend this Complaint to insert therein the

6   true names, capacities, functions, occupations and businesses of said defendants when the same are

7   ascertained.

8       3.      Plaintiff is informed and believes that at all times and places mentioned herein, each

9   of the defendants was the agent, servant and employee of each other remaining defendants, and was

10   at all times and places mentioned here acting within the scope and purpose of the agency, service and

11   employment.

12       4.      Plaintiff DAVID MONEDERO is a resident of San Francisco. He is 59 years old and

13   was employed by Defendants as an Account Manager for indirect sales of Defendants' products and

14   services in San Francisco County and San Mateo County. He was employed by Defendants for over

15   15 years. At all times, Plaintiff's job performance has been outstanding and he has been consistently

16   ranked as a top performer with the company. On June 25, 2007, without prior written notice or an

17   opportunity to correct any shortcomings, Plaintiff was advised by Defendant that he was being

18   discharged because of his failure to comply with company policy. Plaintiff's job duties were then

19   distributed to a younger employee. Further, Defendants had a continuing need for Plaintiff's skills

20   and services in that Plaintiff's duties were still being performed after the termination.

21       5.      Plaintiff filed timely charges of age discrimination with the California State

22   Department of Fair Employment and Housing and has met all administrative prerequisites for

23   bringing this action.

24       6.      The Defendants engaged in policies and practices which discriminated against

25   Plaintiff on the basis of his age in that Defendants discharged Plaintiff on June 27, 2007, because

26   the company wanted to replace Plaintiff with someone younger in age.

27       7.      All of the above acts of the Defendants violate the prohibition against age

28

-2-

10359652 tif - 6/9/2008 1:29:50 PM

1  discrimination under the State of California's Fair Employment and Housing Act, Government Code

2  Section 12941.

3      8.    Plaintiff suffered damages proximately caused by Defendants' actions. Those

4  damages are set forth below in the section entitled "DAMAGES" which is incorporated herein to the

5  extent pertinent as if set forth here in full.

6      WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

7

8                              **DAMAGES**

9      9.    As a proximate result of Defendants' discriminatory conduct against Plaintiff, as

10  alleged above and below, Plaintiff has been harmed in that Plaintiff has suffered the loss of the

11  wages/salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff

12  had not been terminated from his position with Defendants. Because of that discrimination and

13  consequent harm, Plaintiff has suffered such damages in an amount according to proof.

14      10.    As a further proximate result of Defendants' discriminatory actions against Plaintiff,

15  as alleged above and below, Plaintiff has been harmed in that Plaintiff has suffered the intangible

16  loss of such employment-related opportunities as experience in the position from which Plaintiff was

17  terminated provided. Because of that discrimination and consequent harm, Plaintiff has suffered such

18  damages in an amount according to proof.

19      11.    As a further proximate result of Defendants' discriminatory actions against Plaintiff,

20  as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish,

21  and emotional and physical distress, and has been injured in mind and body. Because of that

22  discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to

23  proof.

24      12.    The above-recited actions of Defendants in terminating Plaintiff's employment were

25  done by Defendants with malice, fraud, or oppression, and in reckless disregard of the Plaintiff's

26  rights under California law, including, but not limited to, the law set forth under the California Fair

27  Employment and Housing Act.

28

                                                                -3-

13.   As a result of the aforementioned conduct of Defendants, Plaintiff has been forced to retain an attorney and has incurred attorneys fees and costs in maintaining the present action.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

1.   For back pay, front pay, and other monetary relief or according to proof.

2.   For general damages according to proof,

3.   For punitive damages in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others;

4.   For interest on the sum of damages awarded, calculated from date of termination of employment to the date of judgment;

5.   For reasonable attorney's fees;

6.   For costs of suit herein incurred; and

7.   For such other and further relief as the court deems proper.

DATED: June 9, 2008

_____
James J. O'Donnell, Esq.

O'DONNELL & SMITH

Attorney for Plaintiff, David Monedero

-4-

10359652.tif - 6/9/2008 1:29:50 PM

Tab 2

CASE NUMBER: CGC-08-476142 DAVID MONEDERO VS. CELLCO PARTNERSHIP D.B.A.VER

### NOTICE TO PLAINTIFF

A Case Management Conference is set for:

|  |  |
|---|---|
| **DATE:** | **NOV-07-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
|  | **400 McAllister Street** |
|  | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

---

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

Tab 3

1  Aaron L. Agenbroad (State Bar No. 242613)
   alagenbroad@jonesday.com
2  Catherine S. Nasser (State Bar No. 246191)
   cnasser@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA 94108
   Telephone:    (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Attorneys for Defendant
   CELLCO PARTNERSHIP
7  d/b/a VERIZON WIRELESS

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **COUNTY OF SAN FRANCISCO**

10

11 DAVID MONEDERO,                          **CASE NO. CGC-08-476142**

12            Plaintiff,

13       v.                                 **DEFENDANT VERIZON WIRELESS'S
                                            ANSWER AND AFFIRMATIVE
14 CELLCO PARTNERSHIP d.b.a. VERIZON        DEFENSES TO PLAINTIFF'S
   WIRELESS, and DOE ONE through DOE        UNVERIFIED COMPLAINT**
15 FIFTY, inclusive,
                                            Complaint Filed:   June 9, 2008
16            Defendants.

17

18       Defendant Cellco Partnership d/b/a Verizon Wireless ("Defendant" or "Verizon

19 Wireless") answers the unverified Complaint of Plaintiff David Monedero ("Plaintiff" or

20 "Monedero") as follows:

21                          **GENERAL DENIAL**

22       Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally

23 denies each and every allegation in the Complaint. Defendant further denies that Plaintiff has

24 suffered damage in any sum, or at all, and further denies that Plaintiff is entitled to any damages,

25 interest, costs, and/or other relief prayed for in the Complaint by reason of any act or omission of

26 Defendant.

27       Without waiving the foregoing answer and as further, separate and additional defenses to

28 the allegations of the Complaint, Defendant alleges as follows:

---

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, acquiescence and/or estoppel by reason of Plaintiff's own actions and course of conduct.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

**FOURTH AFFIRMATIVE DEFENSE,**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust all available administrative remedies and/or otherwise failed to comply with the statutory prerequisites to bringing this action.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks relief for alleged unlawful conduct occurring more than the prescribed days within which Plaintiff is required to file a charge with the appropriate state or federal administrative body, such claims are barred.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that they do not reasonably fall within the scope of any claims made in any administrative charge filed by Plaintiff with the EEOC and/or DFEH.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff may be barred, in whole or in part, from recovery of damages as alleged and prayed for in the Complaint by the after-acquired evidence doctrine.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or part, by his failure to mitigate or reasonably attempt to mitigate his damages, if any.

2

**TENTH AFFIRMATIVE DEFENSE**

Defendant is entitled to an offset against any alleged lost income for any amounts earned or which could have been earned, and/or other income received, by Plaintiff following his termination from Verizon Wireless.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant exercised reasonable care and has acted in good faith and treated Plaintiff in a legitimate and non-discriminatory manner at all times.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant's actions towards Plaintiff were at all times privileged, justified and for good cause.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any improper acts or statements were outside the scope of the actor's employment and cannot be imputed to Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which liability is alleged to exist.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any harassing or discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that it has not engaged in unlawful intentional discrimination with respect to Plaintiff, did not engage in any malicious, oppressive or fraudulent discriminatory practice with regard to Plaintiff's legally protected rights, and therefore cannot be liable for punitive damages. Further, Defendant has made good faith efforts to prevent discrimination in its workplace.

1

### SEVENTEENTH AFFIRMATIVE DEFENSE

2    Plaintiff's claims are barred, in whole or in part, because the conduct of which Plaintiff

3    complains was neither intentional nor outrageous.

4

### EIGHTEENTH AFFIRMATIVE DEFENSE

5    Plaintiff is not entitled to punitive damages because, even if he could establish that any

6    individual manager allowed unlawful bias to affect any employment decision, which Defendant

7    expressly denies, Defendant is not liable for punitive damages for any such individual decision

8    because of its good faith efforts to prevent bias.

9

### NINETEENTH AFFIRMATIVE DEFENSE

10    Defendant alleges that Plaintiff's claim for punitive damages is barred because any

11    imposition of punitive damages under any of the claims alleged would constitute a denial of due

12    process under the United States Constitution and California law.

13

### TWENTIETH DEFENSE

14    Plaintiff knew or should have known that his claims are without any reasonable basis in

15    law or equity and cannot be supported by good faith argument for extension, modification or

16    reversal of existing law.  As a result of Plaintiff's filing this complaint, Defendant has been

17    required to obtain the services of the undersigned attorneys, and has incurred and will continue to

18    incur substantial costs and attorneys' fees in defense of this frivolous case.  Defendant is therefore

19    entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this

20    action in accordance with California Code of Civil Procedure Section 128.5 and/or 128.7 and

21    California Government Code Section 12965.

22

### ADDITIONAL DEFENSE

23    Defendant presently has insufficient knowledge or information upon which to form a

24    belief whether there may be additional, as yet unstated, defenses and reserves the right to assert

25    additional defenses in the event that discovery indicates that such defenses are appropriate.

26

### PRAYER FOR RELIEF

27    WHEREFORE, Defendant prays as follows:

28    1.    That Plaintiff take nothing by reason of the Complaint;

4

2.    That the Complaint be dismissed in its entirety with prejudice;

3.    That judgment be entered for Defendant;

4.    That Defendant shall recover all costs of suit and reasonable attorneys' fees incurred herein; and

5.    For such other and further relief as the Court deems just and proper.


Dated: July 8, 2008                                        Jones Day


                                                           By: _____
                                                                Catherine S. Nasser

                                                           Attorneys for Defendant
                                                           CELLCO PARTNERSHIP
                                                           d/b/a VERIZON WIRELESS

SFI-586547v1

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

**PROOF OF SERVICE**

**(CCP §§ 1013a, 2015.5)**

STATE OF CALIFORNIA            )
                                             )        ss.
COUNTY OF SAN FRANCISCO  )

        I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is: **555 California Street, 26th Floor, San Francisco, California  94104-1500.**

        On **July 8, 2008**, I served the foregoing:  **DEFENDANT VERIZON WIRELESS'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**James J. O'Donnell
Sara A. Smith
Law Offices of O'Donnell & Smith
309 Lennon Lane, Suite 101
Walnut Creek, CA  94598**

[ ]        **BY MAIL:** I caused such envelope to be deposited in the mail at San Francisco, California.  The envelope was mailed with postage thereon fully prepaid.  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]        **BY FEDERAL EXPRESS:** I placed such envelope for deposit in the Federal Express drop slot for service by Federal Express.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with Federal Express on that same day at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if service is more than one day after date of deposit for express service in affidavit.

[X]        **BY PERSONAL SERVICE:** I caused such envelope to be hand delivered to the office of the addressee on the date specified above.

[ ]        **VIA FACSIMILE**: I caused such document(s) to be transmitted from facsimile number (415) 875-5700 to the facsimile machine(s) of the above-listed party(ies) on the date specified above.  The transmission(s) was/were reported as complete and without error.  The party(ies) has/have agreed in writing to service of the document(s) listed above by facsimile.

[X]        **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

SFI-587395v1

[ ]  **FEDERAL** I declare that I am employed within the office of a member of the bar of this Court at whose direction the service was made.

Executed on **July 8, 2008,** at San Francisco, California.

_____
Pamela Walter

SFI-587395v1

Exhibit B

1    Aaron L. Agenbroad (State Bar No. 242613)
     alagenbroad@jonesday.com
2    Catherine S. Nasser (State Bar No. 246191)
     cnasser@jonesday.com
3    JONES DAY
     555 California Street, 26th Floor
4    San Francisco, CA  94104
     Telephone:     (415) 626-3939
5    Facsimile:     (415) 875-5700

6    Attorneys for Defendant
     CELLCO PARTNERSHIP d/b/a VERIZON
7    WIRELESS

8
                      UNITED STATES DISTRICT COURT
9
                     NORTHERN DISTRICT OF CALIFORNIA
10

11
     DAVID MONEDERO,                          Case No. _____
12
                        Plaintiff,            DECLARATION OF KAREN M.
13                                            SHIPMAN IN SUPPORT OF NOTICE
           v.                                 OF REMOVAL OF CIVIL ACTION
14                                            FROM STATE COURT
     CELLCO PARTNERSHIP d.b.a.
15   VERIZON WIRELESS, and DOE ONE
     through DOE FIFTY, inclusive,
16
                        Defendants.
17

18
           I, Karen M. Shipman, declare and state as follows:
19
           1.     I am an Associate Director, Corporate Governance and Assistant Secretary of
20
     Cellco Partnership d/b/a Verizon Wireless.  The following is based on my personal knowledge or
21
     upon my review of Company records maintained in the ordinary course of business and, if called
22
     upon to do so, I could and would testify competently thereto.
23
           2.     Cellco Partnership d/b/a Verizon Wireless is a general partnership formed under
24
     the laws of the State of Delaware, with its principal place of business in the State of New Jersey.
25
     Verizon Communications Inc. and Vodafone Group Plc. indirectly own a 55% and 45% interest,
26
     respectively, in Cellco Partnership.  Vodafone Group Plc. is a public limited company
27
     incorporated under the laws of, and with its principal place of business in, the United Kingdom.
28

1  Verizon Communications Inc. is incorporated under the laws of the State of Delaware, with its

2  principal place of business in the State of New York.  Cellco Partnership d/b/a Verizon Wireless'

3  general partners are as follows:

4          a)     Bell Atlantic Cellular Holdings, L.P., a Delaware limited partnership with

5          its principal place of business in New Jersey.  Bell Atlantic Cellular Holdings, L.P.

6          is comprised of Bell Atlantic Personal Communications, Inc., a Delaware

7          corporation with its principal place of business in New Jersey; and Bell Atlantic

8          Mobile Systems, Inc., a Delaware corporation with its principal place of business

9          in New Jersey.

10         b)     NYNEX PCS Inc., a Delaware corporation with its principal place of

11         business in New Jersey.

12         c)     PCSCO Partnership, a Delaware general partnership with its principal

13         place of business in New Jersey.  PCSCO Partnership is comprised of Bell Atlantic

14         Cellular Holdings, L.P. (*see* above); NYNEX PCS Inc. (*see* above); Metro Mobile

15         CTS of Charlotte, Inc., a Virginia corporation with its principal place of business

16         in New Jersey; and Bell Atlantic Personal Communications, Inc., a Delaware

17         corporation with its principal place of business in New Jersey.

18         d)     GTE Wireless Incorporated, a Delaware corporation with its principal

19         place of business in New Jersey.

20         e)     GTE Wireless of Ohio Incorporated, a Delaware corporation with its

21         principal place of business in New Jersey.

22         f)     PCS Nucleus, L.P., a Delaware limited partnership with its principal place

23         of business in Colorado.  PCS Nucleus, L.P. is comprised of Vodafone Holdings

24         LLC (general partner), a Delaware limited liability company with its principal

25         place of business in Colorado, and Vodafone Americas Inc. (formerly AirTouch

26         Communications, Inc.), a Delaware corporation with its principal place of business

27         in Colorado.

28

DECLARATION IN SUPPORT OF NOTICE OF
REMOVAL OF CIVIL ACTION FROM STATE COURT

g)     JV PartnerCo, LLC, a Delaware limited liability company with its principal place of business in Colorado.  JV PartnerCo, LLC's sole member is Vodafone Americas Inc. (*see* above).

3.     Plaintiff David Monedero is a former employee of Cellco Partnership d/b/a Verizon Wireless.  At the time of his termination from employment, Mr. Monedero was earning $71,405.66 in base salary.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration was executed in New Jersey on July 7, 2008.

Karen M. Shipman

SFI-586987v1

DECLARATION IN SUPPORT OF NOTICE OF
REMOVAL OF CIVIL ACTION FROM STATE COURT

Appendix

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID MONEDERO,

Plaintiff (s),

v.

CELLCO PARTNERSHIP,
Defendant(s).

No. **C 08-03291 EMC**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Edward M. Chen. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

**CASE SCHEDULE -ADR MULTI-OPTION PROGRAM**

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/9/2008 | Notice of removal filed | |
| 9/24/2008 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| 10/8/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil _L.R . 16-9 |
| --- | --- | --- |
| 10/15/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Courtroom C,15th Floor,SF at 1:30 PM | Civil _L.R.  16-10 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### STANDING ORDER FOR CIVIL PRACTICE IN CASES ASSIGNED FOR ALL PURPOSES TO MAGISTRATE JUDGE EDWARD M. CHEN
(8/9/07)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

### A.    STANDING ORDER RE MOTIONS AND CONFERENCES

1.    Criminal Law and Motion is heard on Wednesdays at 9:30 a.m. Civil Law and Motion is heard on Wednesdays at 10:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.    Case Management Conferences are heard on Wednesdays at 1:30 p.m. Pretrial Conferences are heard on Wednesdays at 3:00 p.m.

3.    In cases that are randomly assigned to Judge Chen for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

4.    All scheduling questions should be addressed to Judge Chen's courtroom deputy, Betty Fong, at (415) 522-2034.

5.    Law and motion matters may be submitted without argument upon stipulation of the parties and notification of the Court no later than two (2) court days before the hearing.

6.    **In all "E-Filing" cases, when filing papers that require the Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hole punch paper (including all exhibits) by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "EMC Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Edward M. Chen," and "E-Filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's**

Office that has already been filed electronically. **A proposed order in an E-Filing case must be emailed to emcpo@cand.uscourts.gov as a WordPerfect attachment on the same day that it is E-Filed.** With permission, Chambers' copes of documents may be submitted on CD-ROM with hypertext links to exhibits.

7.    The Court can no longer supply a court reporter. If you wish to have this hearing recorded by a court reporter rather than by electronic means, please arrange this privately.

## B.    STANDING ORDER RE DISCOVERY DISPUTES

This Standing Order applies to all disclosures and discovery motions assigned to Judge Chen and is intended to supplement the Civil Local Rules of this District regarding motion practice (Civil L. R. 7-1 et seq.) and the resolution of disclosure or discovery disputes (Civil L. R. 37-1 et seq.).

8.    Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than thirty-five (35) days notice pursuant to Civil L. R. 7-2. Alternatively, any party may seek an order shortening time under Civil L. R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L. R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L. R. 37-1(a). The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate. A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L. R. 37-1(a).

9.    Motions for sanctions shall be filed by separate motion in accordance with the Fed. R. Civ. P. 37 and Civil L. R. 37-3. The parties shall comply with their meet and confer obligations pursuant to Civil L. R. 37-1(a). Parties who refuse to meet and confer will be subject to sanctions pursuant to Civil L. R. 37-3.

10.    Any party filing an Emergency or Ex Parte Application **must** contact Judge Chen's courtroom deputy clerk, Betty Fong, at 415/522-2034.

## PRODUCTION OF DOCUMENTS

11.     In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12.     In searching for responsive materials in connection with a request under Fed. R. Civ. P. 34, parties must search computerized files, emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13.     Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; (c) the date of the communication; and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion may be deemed a waiver of the privilege or protection.

14.     To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15.     As soon as a party has notice of this order, the party shall take such reasonable steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

16.     Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

## DEPOSITIONS

17.     Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or

a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least twenty (20) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within twenty (20) days of the date noticed by the party seeking the deposition.

18.     Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information itself is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

## SANCTIONS

19.     Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L. R. 1-4.

copy.

_____
Edward M. Chen
United States Magistrate Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

1

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
# OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
## 415.522.2000
### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.  Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.  This office will retain the original plus one copy of most documents submitted.  We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.  The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.  In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.  The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.  The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7.  The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.  Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.  Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.    Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.    There are no filing fees once a case has been opened.

12.    New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the underlined complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.    Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.    Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15.    A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16.    The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17.    Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.    We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## DROP BOX FILING PROCEDURES

1.     The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays.  Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2.     The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days.  All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3.     Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page**.  Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public.  The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday.  In those instances, the "Filed" date will be the first court day following the weekend or holiday.  Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4.     After stamping each original and enclosing one copy for the court,*  the documents must be placed in an orange court mailing pouch or red Expando folder  provided for your convenience.  *To facilitate processing of your documents, each original document should be submitted on top of its copies.*  Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.**  You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5.     If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized,  self-addressed, stamped envelope with adequate return postage.  Alternatively, if you would like to pick up conformed copies, please mark your return envelope **"FOR MESSENGER PICK UP BY:   (NAME, FIRM) **."  Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6.     A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount.  *Please do not enclose cash.*

7.     Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate.  Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT OF CASE
## TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

**EDWARD M. CHEN**

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

MARY ANN BUCKLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  | No. C |
| --- | --- |
| Plaintiff(s), | CONSENT TO PROCEED BEFORE A |
| v. | UNITED STATES MAGISTRATE JUDGE |
| Defendant(s). | |

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

Signature _____

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE

v.

Defendant(s).
_____/

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

a United States District Judge.

Dated: _____          Signature _____

                                   Counsel for _____
                                   (Plaintiff, Defendant, or indicate "pro se")



CV 08        3291        EMC

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

**Submitting Initiating Documents**

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case.  For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court.  You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system.  All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number**, **judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

Version 5/14/2007

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov,** please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

Version 5/14/2007



United States District Court

Northern District of California

# Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California

# Table of Contents

A Message from the Chief Judge of the
U.S. District Court ..................................................... 4

How Consent Jurisdiction Works ............................. 6

Potential Benefits of Consenting To Magistrate Judge
Jurisdiction ................................................................ 7

Magistrate Judge Brazil ........................................... 9

Magistrate Judge Chen ........................................... 10

Magistrate Judge James ......................................... 11

Magistrate Judge Laporte ....................................... 12

Magistrate Judge Larson ........................................ 13

Magistrate Judge Lloyd ........................................... 14

Magistrate Judge Seeborg ...................................... 15

Magistrate Judge Spero ........................................... 16

Magistrate Judge Trumbull ..................................... 17

Magistrate Judge Vadas .......................................... 18

Magistrate Judge Zimmerman ................................ 19

# A Message from the Chief Judge
# of the U.S. District Court

As you embark on civil litigation in the United States District Court for the Northern District of California—whether as a party to a lawsuit or as an attorney—I encourage you to familiarize yourself with the range of services provided by the court's magistrate judges and especially to consider consenting to have a magistrate judge handle all aspects of your case, up to and including dispositive motions, jury or court trial and the entry of judgment.

The Northern District is one of the few federal trial courts in the country to assign a wide range of civil cases directly to magistrate judges upon filing. As a consequence, the magistrate judges have direct experience with nearly all types of civil matters filed in our court. Because our court is very busy, agreeing to proceed before a magistrate judge often means that the case will be resolved more quickly than if the case remained before a district judge. While consent is customarily given soon after a case is filed, parties may consent to have a magistrate judge preside over their case at any point in the proceedings.

Every magistrate judge in the Northern District underwent a highly competitive selection process and had years of litigation experience before being appointed to the bench. As the biographies that follow demonstrate, each is active in law school teaching and continuing legal education for attorneys. Many have been appointed to important committees within the federal courts.

Most have completed at least one term as a magistrate judge and have been reappointed based on detailed, confidential feedback from the bar establishing satisfaction with their work—including their work on dispositive motions and trials. Combined, the Northern District's magistrate judges bring a total of 125 years of federal judicial experience to their work at our court. Each is equipped to handle the full range of issues presented to our court.

Vaughn R Walker

Chief Judge

4

5

## HOW CONSENT JURISDICTION WORKS

Since 1979, the parties in a civil action have had the option of consenting to have all aspects of their case, including trial, handled by a United States magistrate judge.[1] The Northern District of California has been one of the leaders nationwide in implementing this process. When a civil action is filed in this District, ordinarily it will be randomly assigned for all purposes to either a district judge or a magistrate judge.[2] By local practice, a magistrate judge is assigned a civil caseload approximately 30% that of a district judge's civil caseload, in recognition of a magistrate judge's other duties, such as presiding over settlement conferences. Each magistrate judge typically has about 100 consent cases. In 2007, the magistrate judges completed handling almost 800 civil cases in which they had exercised consent jurisdiction. When a case is initially assigned to a magistrate judge, the plaintiff is given a form to use to either consent to or decline magistrate judge jurisdiction.[3] Plaintiff is also required to serve that form on each defendant. Each party should make a decision regarding magistrate judge jurisdiction as soon as possible, and in any event prior to the case management conference which is generally held about 100 days after the case is filed. Civil L.R. 73-1.

If all parties consent to magistrate jurisdiction, then the magistrate judge to whom the case is assigned will preside over all aspects of the case, through trial. F.R.Civ.P. 73(b). An appeal from the magistrate judge's rulings is made to the appropriate appellate court exactly as if the rulings were from a district judge. F.R.Civ.P. 73(c).

A civil case initially assigned to a district judge may also be reassigned to a magistrate judge if all parties consent to magistrate judge jurisdiction. The parties should expect the district judge to ask at the case management conference whether they have considered consenting to a magistrate judge jurisdiction.

Each magistrate judge has an assigned courtroom designed to accommodate civil jury trials. Each magistrate judge has at least one law clerk. Many have a second law clerk in lieu of a secretary.

Magistrate judges are fully integrated into the court's administration, serving on all court committees and chairing some of them.

## POTENTIAL BENEFITS OF CONSENTING TO MAGISTRATE JUDGE JURISDICTION

This District has always recruited experienced trial attorneys of the highest caliber who undergo a merit selection process before being appointed as a magistrate judge. Because of their diverse experiences while in practice and while presiding over civil matters including trials, this District's magistrate judges are able to preside over all types of civil litigation. The biographies of the current magistrate judges are set forth below.

Parties that consent to have their case tried before a magistrate judge will receive a date certain for trial. The right to a speedy trial in felony criminal matters requires district judges to give statutory priority to trying those cases, which can sometimes require that civil trial dates be moved. Unlike district judges, magistrate judges do not preside over felony criminal matters.

## WAYNE D. BRAZIL



**M**agistrate Judge Wayne Brazil was appointed in 1984. He has been the Northern District's ADR Magistrate Judge since the late 1980's. He has presided over jury and court trials in a wide range of civil and criminal cases, including patent, trade secrets, trademark, commercial contract, civil rights, employment, personal injury, maritime, and tax. He has hosted more than 1,500 settlement conferences and published opinions in intellectual property, insurance, civil rights, maritime law, privileges, work product, civil discovery, and case management.

After receiving a B.A. from Stanford, Judge Brazil got his Ph.D. and M.A. from Harvard and his J.D. from Boalt Hall. He practiced civil litigation at Farella, Braun & Martel from 1975-1977. He then became a law professor at the University of California, Hastings College of the Law and at the University of Missouri. He taught civil procedure, constitutional law, criminal procedure, and civil rights from 1978 to 1984. He has authored books on the use of special masters in complex litigation and on settling civil suits, some 30 articles in legal periodicals, and the chapters on Rules 16 and 37 of the Federal Rules of Civil Procedure in Moore's Federal Practice, 3d Ed. He has served on the committees on Civil Rules and Evidence of the Judicial Conference of the United States and on the Ninth Circuit's ADR Committee.

The historical experience in this District has been that our magistrate judges have virtually always met their scheduled trial dates. Because magistrate judges' trial dockets are generally less crowded than those of district court judges, they are often able to schedule a trial within a year of the filing of the complaint.

## ENDNOTES

1) Federal Magistrate Act of 1979, 28 U.S.C § 636(c)(1). See also F.R.Civ.P. 73(b).

2) District Judges, sometimes called Article III Judges, are appointed by the President, confirmed with the advice and consent of the Senate and hold their position for life. Magistrate Judges are appointed by the District Judges of each district following a merit selection process and serve for a period of eight years, subject to reappointment.

3) If the case has been removed from state court, the form is given to the removing party, who is required to serve it on all other parties.

## MARIA-ELENA JAMES



**M**agistrate Judge Maria-Elena James was appointed in 1994. She has presided over numerous cases and conducted thousands of settlement conferences. Outside the courtroom, she teaches a number of classes at three Bay Area law schools: University of California Hastings, University of San Francisco, and Golden Gate University. She also co-created a course called *The Roles of Referees and Commissioners* and taught the course, along with another course, at the California Judicial Education and Research College.

A 1978 graduate of the University of San Francisco Law School, she served as director of the Small Claims Court Education Project in the Consumer Fraud Unit of the San Francisco District Attorney's Office. She went on to serve as a deputy public defender in San Francisco, staff attorney for the National Labor Relations Board, and Deputy City Attorney as well as supervising attorney in San Francisco. She then served as a Commissioner in the San Francisco Superior Court for six years. She volunteers as a mock trial judge for all grades of students and serves as a mentor to law students. Her speaking engagements include a 2006 panel on Comparative Racial Justice at the University of Paris. Nanterre and the Assemblee Nationale.

11

## EDWARD M. CHEN



**M**agistrate Judge Edward M. Chen was appointed in 2001. He has presided over civil and criminal bench and jury trials, as well as hosted more than 500 settlement conferences. A 1975 Order of the Coif graduate of the University of California Boalt Hall School of Law, he clerked for the Honorable Charles B. Renfrew in the Northern District of California and then clerked for the Honorable James R. Browning in the Ninth Circuit Court of Appeals.

Judge Chen worked as a litigation associate at Coblentz, Cahen, McCabe & Breyer, and then as staff counsel of the ACLU Foundation of Northern California. He served as an officer of the California Asian American Judges Association, and as a Master of the Edward J. McFetridge American Inn of Courts. Chief Judge Schroeder of the Ninth Circuit appointed him to the Ninth Circuit Task Force on Self-Represented Litigants, and then as the chair of the Ninth Circuit Implementation Committee on Self-Represented Litigants. He was also appointed chair of the Federal Courts Committee on the California Commission on Access to Justice. He has published cases on discovery, privileges, civil procedure, civil and constitutional rights, international human rights, and criminal procedure. He has also published articles in the California Law Review. Asian Law Journal, George Mason Law Review, and Hastings Communications and Entertainment Law Journal. He has given presentations on such subjects as electronic discovery, patent litigation, employment law, civil rights, national security and constitutional rights, discrimination, case management, alternative dispute resolution, and Asian American legal history. He has taught and lectured on mediation and case management in India and Malaysia. In 2007, he was voted Judge of the Year by the Barristers Club of San Francisco.

10

## JAMES LARSON



Magistrate Judge James Larson was appointed in 1997. He was appointed Chief Magistrate Judge in 2005 for a four year term. He has presided over criminal and civil cases, handled discovery and conducted settlement conferences in a variety of subject areas, including intellectual property, antitrust, contracts, civil rights, employment, environmental, class actions and other statutory liability. He has conducted more than 1,000 mediations and settlement conferences.

He received his undergraduate degree from Stanford University in 1965 and his J.D. from U.C.L.A. law school in 1968, where he was selected for the Moot Court Honors Program. Thereafter he worked in a number of small firms in Los Angeles and the Bay Area, handling admiralty, personal injury, civil rights and criminal matters before founding the law firm of Larson and Weinberg in San Francisco, where he remained until 1990. He then formed his own firm and worked on civil, criminal, trial and appellate cases. He has taught civil trials and criminal pre-trial procedure and has participated for many years in the Intensive Trial Advocacy Program at Cardozo Law School in New York.

Judge Larson has chaired or served on numerous court committees and has appeared on panels of judges and attorneys discussing e-discovery issues, settlement techniques, punitive damages, and bad faith litigation. In December, 2007, he and several other members of the court conducted a comprehensive mediation training program for the High Court Judges of Malaysia.

13

## ELIZABETH D. LAPORTE

Magistrate Judge Elizabeth Laporte was appointed in 1998. She has presided over numerous civil cases through trial or other disposition, including patent, trademark, copyright, employment, civil rights and environmental cases. She also has conducted over 1000 settlement conferences, handled criminal matters, and resolved discovery disputes.

A 1982 graduate of Yale Law School and a Marshall Scholar, with an M.A. in Politics and Economics from Oxford, she clerked for the Honorable Marilyn Hall Patel in the Northern District of California. She was a partner at the boutique litigation firm of Turner & Brorby, and an Administrative Law Judge for the California Department of Insurance. In 1996, she began serving as Chief of Special Litigation for the San Francisco City Attorney's Office, and was named a Lawyer of the Year by *California Lawyer*. She has authored articles on patent litigation and settlement in the *Northern California ABTL [Association of Business Trial Lawyers] Report*, and has written on e-discovery. She regularly speaks on patent litigation, settlement, e-discovery, jury trials, and other topics. She is a past chair of the Magistrate Judge Executive Board of the Ninth Circuit, and a current member of the Jury Trial Improvement Committee of the Ninth Circuit Court of Appeals, the Sedona Conference Working Group on Electronic Document Retention and Production, the Executive Committee of the Litigation Section of the Bar Association of San Francisco, and the Board of Governors for the Northern California Chapter of the Association of Business Trial Lawyers.

12

## HOWARD R. LLOYD



**M**agistrate Judge Howard R. Lloyd was appointed in 2002. He has presided over a variety of civil and criminal trials and has extensive discovery as well as case-dispositive law and motion experience. He has presided over hundreds of settlement conferences in a wide variety of civil cases.

Judge Lloyd earned his undergraduate degree at the College of William and Mary, graduating Phi Beta Kappa, and his law degree from the University of Michigan Law School. He then worked as a civil trial and appellate lawyer for 30 years with a prominent San Jose law firm and personally tried many cases and argued dozens of appeals. He practiced in all areas, but especially employment, intellectual property, and commercial law. He then worked for 2 years as an independent and full time arbitrator and mediator. While in private practice Judge Lloyd was selected for voluntary service as an Early Neutral Evaluator (N.D. CA), mediator (California Court of Appeals), and Settlement Judge Pro Tem (Santa Clara County Superior Court). He is a frequent presenter at continuing education courses for attorneys and currently teaches at Santa Clara University Law School.

14

## RICHARD SEEBORG



**M**agistrate Judge Richard Seeborg was appointed in 2001. Since joining the Court, he has presided over numerous bench and jury trials and has conducted hundreds of settlement conferences on all manner of federal civil cases. Judge Seeborg received his B.A., *summa cum laude*, Phi Beta Kappa, from Yale College in 1978. He then went to Columbia University School of Law in 1981, where he was a Harlan Fiske Stone Scholar. Following graduation from law school he served as a law clerk to the Honorable Judge John H. Pratt, district court judge in Washington, D.C. In 1982, he joined Morrison & Foerster's San Francisco office in the litigation department, becoming a partner in 1987.

From 1991 to 1998, Judge Seeborg served as an Assistant U.S. Attorney for the Northern District of California in San Jose. In that capacity, he acted as lead prosecutor on a wide range of matters including complex white collar criminal cases. He re-joined Morrison & Foerster in March 1998, where he resumed a litigation practice in the fields of securities, intellectual property, and general commercial matters.

Judge Seeborg has been a member of the Adjunct Faculty at Santa Clara University School of Law where he has served as co-instructor for a course on Federal Criminal Litigation and has served as co-chair of the Federal Courts Committee of the Santa Clara County Bar Association and as a member of the Executive Committee of Magistrate Judges for the Ninth Circuit. At present, he is a member of the Working Group on Electronic Public Access for the United States Courts and a member the Ninth Circuit Jury Instructions Committee. He is a co-author of Federal Pretrial Civil Procedure in California, a four-volume treatise published by Lexis Nexis.

15

## PATRICIA V. TRUMBULL



Magistrate Judge Patricia V. Trumbull was appointed in 1987. She served as Chief Magistrate Judge from 2001 to 2005. She has presided over numerous civil and criminal trials and thousands of settlement conferences.

Judge Trumbull received her undergraduate degree from University of California Davis and her law degree. at the Georgetown University Law Center in Washington, D.C. While at Georgetown, she interned at the Department of Justice. After graduating, she spent two years as a law clerk to the Honorable Spencer Williams of the U.S. District Court of Northern California. Following the clerkship, she worked for 12 years as an Assistant Federal Public Defender. She has served on numerous court committees and participated in many panel discussions on a variety of litigation issues.

## JOSEPH C. SPERO



Magistrate Judge Joseph C. Spero was appointed in 1999. He has presided over criminal and civil trials in a variety of subject areas, including patent, employment, civil rights, commercial contract, trademark, and federal misdemeanor cases. He has participated in over 1000 settlement conferences. He serves as chairman of the court's Capital Habeas Committee, and as a member of the court's Technology and Practice Committees.

A 1981 graduate of Columbia University School of Law, he clerked for the United States Court of Appeals for the Ninth Circuit. He worked as an associate at Skadden, Arps, Slate, Meagher & Flom, and as associate then partner at Coblentz, Cahen, McCabe & Breyer (now Coblentz, Patch, Duffy & Bass). While in private practice, he trained as a mediator at Harvard Law School and served as a mediator in the Northern District's Alternative Dispute Resolution Program. He also served as a Judge Pro-Tem for the San Francisco County Superior Court. He served as pro bono counsel in a variety of cases, including federal capital habeas matters. As a result, he received the Thurgood Marshall Award from the Bar Association of the City of New York.

## NANDOR J. VADAS



**M**agistrate Judge Nandor J. Vadas, a part-time magistrate judge in Eureka, California was appointed in 2004. Although he maintains his chambers in Eureka, he frequently sits in San Francisco. As a magistrate judge he has presided over issues involving civil rights, employment discrimination, Indian law, Endangered Species Act violations, as well as criminal and civil settlement conferences.

Judge Vadas received his undergraduate degree at the University of California at Santa Cruz in 1974 and his law degree from the University of California, Hastings College of the Law in 1978. Following law school he was a state and federal prosecutor for twenty-one years, where he gained criminal jury trial and appellate experience. He also spent five years in family law and juvenile dependency. He also has experience as an instructor at the College of the Redwoods Police Academy.

He is a member of the Magistrate Judges' Advisory Committee to the Federal Judicial Conferences.

## BERNARD ZIMMERMAN



**M**agistrate Judge Bernard Zimmerman was appointed in 1995. With party consent, he has presided over a wide range of civil cases, including patent, trademark and copyright cases, class actions, contract and employment cases and civil rights, personal injury and admiralty cases. He has presided over more than 30 civil and criminal jury and bench trials and more than 1,000 settlement conferences. He chairs the court's Technology Committee and serves on the Media and Education Committees.

A 1970 graduate of the University of Chicago Law School, he clerked for the Honorable Frederick J.R. Heebe in the Eastern District of Louisiana and then taught law at the Louisiana State University Law Center. Returning to California, he was an associate and then partner at Pillsbury Madison & Sutro where he had a general litigation practice focusing on media, banking, construction, insurance and business issues. In 1995, he served as Legal Consultant to the Third Constitutional Convention of the Commonwealth of the Northern Mariana Islands. For the past two years, he has taught Federal Pretrial Litigation at Hastings College of the Law. He is a master of the Intellectual Property Inn of Court and has participated in numerous panels addressing issues such as ADR, class actions and discovery.

18

19

**United States District Court**

450 Golden Gate Avenue   San Francisco   California   94102

Phone: 415-522-2000

Fax: 415-522-3605

Print Date: April 2008